UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>DWIGHT THUNDER SHIELD,<br><br>   Defendant. | CR. 17-50066-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Dwight Thunder Shield pled guilty to one count of assaulting a federal officer. (Docket 26). The court sentenced defendant to 14 months of incarceration to be followed by three years of supervised release. (Docket 42). Defendant filed a pro se motion challenging the Bureau of Prisons' ("BOP") calculation of his sentence, alleging the BOP was refusing to grant him credit for time served in federal custody pre-sentencing. (Docket 45). Defendant, with the aid of counsel, later petitioned the court for a writ of mandamus or, in the alternative, a writ of habeas corpus ordering defendant's release from the BOP's custody. (Docket 46). The government opposes defendant's motion and petition and defendant filed a reply brief. (Dockets 48 & 51). For the reasons given below, the court denies defendant's motion and petition.

**FACTS**

On December 10, 2016, defendant assaulted Tim Peet, an officer with the Oglala Sioux Tribe Department of Public Safety ("OST DPS"). (Docket 27 at p. 1). Officer Peet was employed "pursuant to a PL-638 contract with the federal

government" and so was a federal law enforcement officer within the meaning of 18 U.S.C. § 111.  Id. at p. 2.  The OST DPS arrested defendant on December 10 and charged him with a variety of tribal offenses.  (Docket 49-2).  Defendant pleaded guilty to the tribal charges on December 19, 2016.  (Docket 49-3).  The Oglala Sioux Tribal Court sentenced defendant to one year of incarceration, to end on December 19, 2017.  Id.

Defendant was federally indicted for this offense on April 18, 2017, while he was being held in tribal custody in Pine Ridge, South Dakota.  (Docket 1). The government sought a writ of habeas corpus *ad prosequendum* to move defendant from Pine Ridge to the Pennington County Jail in Rapid City, South Dakota, to appear at his federal proceedings on April 24.  (Docket 5). Magistrate Judge Daneta Wollmann granted the government's petition on April 25.  (Docket 6).  Defendant pled guilty to the federal charge on July 28 and the court accepted defendant's plea on July 31.  (Dockets 30 & 34).

According to OST Prosecutor Ms. Vernona Kills Right, defendant completed his tribal sentence on December 19, 2017, while he was in federal custody.  (Docket 49-6).  The court sentenced defendant on January 22, 2018, and its judgment was entered on January 24.  (Dockets 41 & 42).  Defendant continued to be held in the Pennington County Jail until February 1.  (Docket 46-1).  He was then held in the Winner Jail in Winner, South Dakota, until February 12, at which point he was released into the BOP's custody.  Id. Defendant is currently held at a BOP facility in Florence, Colorado.  (Docket 46 at p. 2).  His expected release date is December 15, 2018.  Id.

**ANALYSIS**

Defendant argues he should receive credit toward his federal sentence for the time he was incarcerated between April 25, 2017, when the magistrate judge granted the government's petition for a writ of habeas corpus *ad prosequendum* and February 12, 2018, when he was released into the BOP's custody. (Docket 46 at pp. 3-4). In defendant's view, the BOP should have released him on June 14, 2018. Id. at p. 4. Defendant now seeks a writ of mandamus or, in the alternative, a writ of habeas corpus from the court ordering his immediate release. Id. at p. 1.

The government contends defendant is not entitled to credit for the time he served between his arrival in Rapid City on April 25, 2017, and the expiration of his tribal sentence on December 19, 2017, because federal law only permits credit for time served "that has not been credited against another sentence." 18 U.S.C. § 3585(b). (Docket 48 at pp. 9-10). In the government's view, that approximately nine-month time span was credited against defendant's tribal sentence and cannot be credited against his federal sentence. Id. The government also asserts defendant's petition should be denied because he failed to exhaust his administrative remedies within the BOP. Id. at pp. 10-11.

**I.    Defendant's Petition is Cognizable Under 28 U.S.C. § 2241**

Defendant asks the court to issue a writ of mandamus ordering the BOP to immediately release him. (Docket 46 at p. 7). Id. Mandamus relief is inappropriate in defendant's situation.

Defendant cites both the All Writs Act, 28 U.S.C. § 1651, and 28 U.S.C. § 1361 as statutory bases for his mandamus petition. Id. at pp. 1, 5. Neither applies. A court may grant a writ of mandamus under the All Writs Act only after three conditions are satisfied. Cheney v. United States Dist. Court for Dist. of Columbia, 542 U.S. 367, 380-81 (2004).

> First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

Id. (internal quotations omitted). Likewise,

> [m]andamus may issue under § 1361 against an officer of the United States only in extraordinary situations and when the plaintiff can establish (1) a clear and indisputable right to the relief sought, (2) the state officer has a nondiscretionary duty to honor that right and, (3) there is no other adequate remedy.

Mitchael v. Colvin, 809 F.3d 1050, 1054 (8th Cir. 2016) (internal quotations omitted). Both statutes require the petitioner to show he has no other adequate remedy before a court may grant a writ of mandamus.

Here, defendant has clear alternative means to obtain his desired relief. "[A] claim attacking the execution of [a] sentence should be brought in a § 2241 petition in the jurisdiction of incarceration." Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Penn. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985). A

4

petition for a writ of habeas corpus challenging the execution of defendant's sentence is an adequate remedy. The court finds mandamus relief is inappropriate in these circumstances.

## II. Defendant's Habeas Petition May Proceed in this District

"The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). A defendant challenging the execution of his sentence may file his § 2241 petition "in either the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office[.]"[1] United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000).

Defendant is currently incarcerated in Florence, Colorado. (Docket 46 at p. 2). Given the general rule that habeas petitioners should file in their district of incarceration, the appropriate venue for this petition would seem to be the District of Colorado. However, the United States Court of Appeals for the Eighth Circuit held a district court is not "deprive[d] . . . of subject matter jurisdiction" over the action when a prisoner files a § 2241 petition in an inappropriate district. Mathena v. United States, 577 F.3d 943, 946 n.3 (8th Cir. 2009). The

---

[1]The BOP does not maintain a regional office in South Dakota. See https://www.bop.gov/about/facilities/offices.jsp.

Mathena Court further held the government "waived any objection" to the venue of the § 2241 petition "by not raising the issue."[2]  Id.

Here, the government likewise failed to raise the venue of this petition as an issue in its otherwise comprehensive and vigorous briefing.  Defendant also did not address whether the District of South Dakota is the appropriate venue for his petition.  He does, however, note "the short timeframe in which meaningful relief is available," given his expected December 15, 2018, release from custody.  (Docket 46 at p. 5).  The short time in which relief is possible for defendant makes it impractical to transfer this petition to the District of Colorado.  Additionally, as discussed below, the court finds defendant is not entitled to any additional credit for time served.  The court does not think it advisable to transfer a fully briefed, meritless petition with a rapidly approaching mootness point to another district court.  Under these circumstances, the court will avail itself of the exception to the general venue rule for habeas petitions the Eighth Circuit recognized in Mathena and resolve this petition.

**III.  Defendant is Not Entitled to Any Additional Credit for Time Served**

Defendant primarily argues the BOP is improperly denying him credit for the time he spent in custody between April 25, 2017, and February 12, 2018.

---

[2]The Fourth Circuit followed Mathena in recognizing that the general venue rule for habeas petitions is waived when the habeas respondent fails to raise venue as an issue.  Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011).  The Southern Division of this court has extensively analyzed Supreme Court precedent regarding district court jurisdiction over § 2241 habeas respondents to conclude such jurisdiction is *in personam* and waivable.  Mathison v. Berkebile, 988 F. Supp. 2d 1091, 1100-03 (D.S.D. 2013).

(Docket 46 at pp. 3-4). As defendant completed his tribal sentence during that time, he is statutorily barred from applying the time spent completing his tribal sentence to his current federal sentence. 18 U.S.C. § 3585(b).

Section 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Id. The time defendant spent in the Pennington County Jail between April 25, 2017 and December 19, 2017 was credited against his tribal sentence, which consequently expired due to this credit. (Docket 49-6). In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Defendant seeks such a double credit here. The court finds defendant is not entitled to credit the time between April 25, 2017 and December 19, 2017 against his federal custody sentence.

Defendant argues he was transferred into federal custody upon the issuance of the writ of habeas corpus *ad prosequendum* and the tribe's decision to credit his federal custody time toward his tribal sentence does not mean he remained in tribal custody during his time in the Pennington County Jail. (Docket 51 at pp. 2-3). In defendant's view, his time in the Pennington County

Jail pursuant to the court's writ was primarily federal custody time that should be credited against his federal sentence, regardless of the sentencing decisions made by the OST. Id.

This argument is foreclosed not only by the plain statutory language of § 3585(b)—which forbids double counting of pre-sentence credit, regardless of the reason—but also by the doctrine of primary jurisdiction.

> Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction. . . . The first sovereign to take physical custody of a defendant retains "primary jurisdiction" until releasing that jurisdiction. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence.

Elwell v. Fisher, 716 F.3d 477, 481 (8th Cir. 2013) (internal citations omitted). In Elwell, the Eighth Circuit applied this doctrine to deny a federal prisoner credit for time served in state custody after pleading guilty to federal charges. Id. at p. 482. The prisoner argued a writ of habeas corpus *ad prosequendum* placed him in federal custody during part of his time in pre-sentence custody, entitling him to credit against his federal sentence. Id. The Eighth Circuit rejected this argument, holding the prisoner remained subject to state primary jurisdiction even after being taken into federal physical custody. Id.

8

The doctrine of primary jurisdiction applies to defendant as well. The OST was the first sovereign to take physical custody of defendant.³ (Docket 49-2). The OST did not relinquish its primary jurisdiction over defendant until his tribal sentence expired on December 19, 2017. (Docket 49-6). At that point, defendant became subject to federal custody. The BOP credited defendant for the time he spent in the Pennington County Jail between December 20, 2017 and January 21, 2018, the day before his federal sentencing. (Docket 49-1 at p. 3). The court finds the BOP's calculation of the time served credit defendant is entitled to is correct. Because the court agrees with the BOP's sentencing calculation, it need not determine whether defendant's petition should be denied for failing to exhaust the BOP's administrative remedies.

---

³The parties did not brief the question of whether the OST is a sovereign to which the doctrine of primary jurisdiction applies. The court is unaware of any authority squarely addressing the question of whether tribal nations are sovereigns for this specific purpose, but it notes the Supreme Court holds tribes are separate sovereigns in other criminal contexts. See United States v. Wheeler, 435 U.S. 313, 329-30 (1978) ("[W]hen an Indian tribe criminally punishes a tribe member for violating tribal law, the tribe acts as an independent sovereign[.]") (citing Talton v. Mayes, 163 U.S. 376, 382-83 (1896)). The court also notes the Eighth Circuit's caselaw on the doctrine of primary jurisdiction speaks in terms of "sovereigns" and not merely states. Fisher, 716 F.3d at 481 ("The first *sovereign* to take physical custody of a defendant . . . .") (emphasis added). The court concludes the OST is a sovereign for the purposes of applying the doctrine of primary jurisdiction.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's motion for clarification (Docket 45) and his petition for a writ of mandamus or, in the alternative, for a writ of habeas corpus (Docket 46) are denied with prejudice.

Dated November 8, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE